FILED
SUPERIOR COURT
OF GUAM

2018 MAR 21 PM 12: 41

CLERK OF COURT

BY: _____

**IN THE SUPERIOR COURT OF GUAM**

LETITIA S. LUJAN,
DOB 12/12/1971

              **Plaintiff,**

      vs.

STEVEN EUSTAQUIO SHIMIZU,
DOB 05/07/1973

              **Defendant.**

Domestic Case No. DM0308-14

**DECISION AND ORDER ON PLAINTIFF'S MOTION TO MODIFY CHILD SUPPORT**

## INTRODUCTION

This matter came before the Honorable Benjamin C. Sison, Jr. on Steven Eustaquio Shimizu's ("Defendant") Motion to Modify Child Support. Attorney Joaquin C. Arriola, Jr. Esq. appeared on behalf of the Defendant and attorney Gloria Lujan Rudolph, Esq. appeared on behalf of the Plaintiff Letitia S. Lujan ("Plaintiff"). Having reviewed the evidence and the arguments presented, the Court issues the following Decision and Order DENYING the Defendant's motion to modify child support.

## BACKGROUND AND PROCEDURAL HISTORY

Letitia Lujan ("Plaintiff") and Steven Shimizu ("Defendant") divorced in May 2014. The marriage produced four children. An Integrated Marital and Property Settlement Agreement was entered into by the parties and filed with the Court on May 22, 2014. Pursuant to this agreement, the parties agreed to joint physical and legal custody of the four

(4) minor children and as to child support, that "[n]o child support will be requested at this time." Id. at ¶5. The Superior Court of Guam approved of and incorporated the terms of the Agreement into the Interlocutory Decree of Divorce.

On July 28, 2015, Plaintiff filed an *Ex Parte* Motion for Order to Show Cause, requesting restraining orders and a modification of custody. This Motion was filed pursuant to Plaintiff's allegations that Defendant had acted inappropriately, including physical aggression toward the children, instructing one of the minor children to make unfounded allegations against the Plaintiff's boyfriend, emotionally abusing the children, and harassing the plaintiff. Defendant denied all of the allegations during a hearing which began on July 29, 2015, and ended October 14, 2015. An Order after Hearing was issued the Honorable Arthur R. Barcinas on October 15, 2015, granting Plaintiff a restraining order against Defendant. A status hearing was held on April 13, 2016 and Judge Barcinas ordered the parties to cooperate with one another and to insulate the children from any friction between the parties. Both parties ultimately retained joint equal physical custody of their children.

On June 1, 2016, approximately 2 years after their divorce, Defendant filed a Motion to Modify Child Support, wherein he petitioned the Child Support Hearing Officer for a modification of support orders, alleging a "substantial or material change of circumstances" as a result of the eldest child having reached the age of majority and because Plaintiff's income allegedly has significantly and substantially increased. Plaintiff filed her Opposition to Defendant's Motion on June 22, 2016. The case was assigned to the Child Support Referee Linda Ingles for disposition.

On October 18, 2016, Defendant filed a Subpoena Duces Tecum, requesting all of Plaintiff's paystubs, paychecks, tax returns, bank statements, employment agreements, or any other income documentation from 2013 to the present. Plaintiff objected to this subpoena on October 19, 2016. In response, on December 14, 2016, Plaintiff filed an *Ex Parte* Motion for Protective Order, Motion to Quash Subpoena Duces Tecum, and For

Attorney's Fees and Costs. Plaintiff concurrently filed a Motion to Enforce Settlement Agreement, Impose Sanctions, and Award Fees and Costs.

On April 4, 2017, Plaintiff filed an *Ex Parte* Application for Order to Show Cause and Motion to Enforce Decree, arguing that Defendant should be held in contempt of Court. Plaintiff alleged that Defendant had continued to violate the Court's "Order After Hearing" dated April 21, 2016 and the Decree of Divorce by: 1) unreasonably withholding consent for Plaintiff to travel off-island with the children, 2) continuing to disparage Plaintiff and her husband, and 3) unlawfully interfering with Plaintiff's custody of her child on January 13, 2017. This motion was withdrawn by Plaintiff the next day, April 5, 2017.

Plaintiff filed another Motion for Order to Show Cause on June 6, 2017. Plaintiff alleged that Defendant had failed to fully comply with the Subpoena Duces Tecum filed August 8, 2016, despite Defendant's failure to file an objection or motion to quash.

On June 7, 2017, Plaintiff filed her Brief Re: Material Change of Circumstances; Credit for Health Insurance Not Paid by Parent. This brief relates to Defendant's June 1, 2016 Motion to Modify Child Support, and was filed with the purpose of refuting Defendant's argument that a material change of circumstances had occurred.

On June 16, 2017, a non-party subpoena recipient, Guam Windward Memorial, filed an Objection to an Amended Subpoena Duces Tecum. On June 26, 2017, non-party subpoena recipient, Joseph Shimizu, also filed an Objection to an Amended Subpoena Duces Tecum.

On June 30, 2017, Plaintiff filed a Request for Reassignment of the case to another judge, arguing that Child Support Referee Linda Ingles faced potential conflicts concerning a witness regarding Defendant's Motion to Modify Child Support.

On July 10, 2017, Plaintiff filed a Motion for Contempt against non-party Ambros, Inc., claiming Ambros had failed to produce documents subject to a Subpoena Duces Tecum. Ambros filed its Objection to Amended Subpeona Duces Tecum on August 7, 2017.

Defendant filed an *Ex Parte* Motion for Order to Show Cause, Motion for Contempt; Wage Assignment Order; Child Support Arrears on September 7, 2017. Defendant argues that Plaintiff should be held in contempt for failure to pay $1,000 per month in temporary child support as ordered by Child Support Hearing Officer Linda Ingles on June 7, 2017. Plaintiff filed her Opposition on October 5, 2017.

A hearing was scheduled before Magistrate Benjamin C. Sison Jr. on Defendant's Motion to modify on October 5, 2017. Because of pending discovery issues, the court set a continued hearing for November 9, 2017 which was then continued to November 16, 2017.

On November 9, 2017, Defendant served Plaintiff with a Subpoena Duces Tecum, requesting paystubs, W2 forms, and bank statements. On November 14, 2017, Plaintiff filed an objection.

On November 15, 2017, Plaintiff filed an *Ex Parte* Motion for Protective Order, Motion to Quash Subpoena Duces Tecum and for Attorney's Fees and Costs. Defendant filed an opposition on November 16, 2017.

At the continued hearing on November 16, 2017 the parties were ordered to cease further discovery and submit briefs answering the question as to whether there is a legal basis to support a modification of the child support provisions in this matter. On December 14, 2017, both parties filed briefs with the Court. The Court took the matter under advisement.

## DISCUSSION

### I. General principles regarding divorce settlement agreements.

Title 19 GCA §6111 allows a husband and wife to contract with one another with respect to the support of each other and with respect to their property rights. *Lujan v. Lujan*, 2012 Guam 7 ¶20; 19 GCA §6111 (2005). Specifically, section 6111 provides:

(a) Either husband or wife may enter into any engagement or transaction with the other, respecting property subject, in transaction between themselves, to the general rules which control the actions of persons occupying confidential relations with each other.

(b) The provisions of an agreement for support of either party shall be deemed to be separate and severable from the provisions of the agreement relating to property. An order for support of either party based on the agreement shall be law-imposed and shall be made under the power of the court to order spousal support.

(c) The mutual consent of the parties is a sufficient consideration for such an agreement....

Courts will generally refrain from interfering with agreements between divorcing parties. "When parties enter into such 'property agreements,' courts are reluctant to disturb the agreement." *Lam v. Lam*, 2015 Guam 6 ¶18, citing *Lujan v. Lujan*, 2012 Guam 7 ¶21. An agreement is "integrated" if the parties have agreed that the provisions for the division of property and the provisions for support constitute reciprocal consideration. *Id.* ¶23.

A divorce decree incorporating a settlement agreement is simply a consent decree. *Leon Guerrero v. Moylan*, 2000 Guam 28 (Guam Sept. 19, 2000). A consent decree is a form of contract. *Id.* "It is approved on its face by a court presumably not privy to the details of the negotiation, or the parties' subjective intentions, it is then incorporated in a judicial order; and it is ultimately backed up by the court's power of contempt." *Id.*

The Guam Supreme Court has ruled that contract principles apply to the interpretation of settlement agreements. *Camacho v. Camacho*, 1997 Guam 5 ¶32. In the interpretation of contracts, effect must be given to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful. *See* Title 18 GCA §87102 (1992). Thus, when a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible. *Camacho*, 1997 Guam 5 at ¶32 (citing to Title 18 GCA §87102 (1992)); *see also Boyett v. Boyett*, 799 S.W.2d 360, 362 (Tex.Ct.App.1990)(ruling that marital property agreements, even if incorporated into a final divorce decree, are treated as contracts and the law of contracts then governs interpretations of the decree's legal force and meaning).

II. **Settlement agreement respecting child support.**

While Courts may generally be reluctant to interfere with divorce agreements, the situation changes when children are involved. The Court must also address the best interests of the children, and will limit the rights of parents to contract with each other if

such contracts are detrimental to the children. The Guam Supreme Court has held that "[w]hile contract principles are applied to settlement agreements, courts are unanimous in concluding that parents cannot by agreement limit or divest a court of its discretion in setting child support." Guerrero v. Moylan, 2002 Guam 18. See, e.g., Labass v. Munsee, 66 Cal.Rptr.2d 393, 399, 56 Cal.App.4th 1331, 1341 (Ct.App.1997); Straub v. B.M.T., 645 N.E.2d 597, 599–600 (Ind.1994); Calton v. Calton, 485 So.2d 309, 310 (Miss.1986); Tammen v. Tammen, 289 Minn. 28, 182 N.W.2d 840, 841–42 (Minn.1970).

19 GCA provides for child support payments pursuant to divorce, and provides the following at §8403:

> In actions for dissolution of marriage the court may, during the pendency of the action, or at the final hearing, or at any time thereafter during the minority of any of the children of the marriage, make such order for the care, education, maintenance, and support of such minor children as may seem necessary or proper, and may at any time modify or vacate the same.

Pursuant to this statute, the Court has the authority to modify child support orders at any time during the minority of the children.

Defendant argues that that the provision in their agreement stating "[n]o child support will be requested at this time" is void as against public policy and therefore should not be enforced. Defendant cites the *Guerrero* decision in support of his contention. In *Guerrero,* the Court held invalid a provision which required a Court to apply a strict interpretation of the Child Support Guidelines. In requiring the Court to follow a strict interpretation, the agreement stripped the Court of its discretion to deviate from those Guidelines when calculating child support and was therefore invalid. *Guerrero* does not apply to this case at bar. The parties in the present case have not entered into any agreement seeking to limit the court of its discretion and the subject language does not attempt in any way to infringe upon the Court's statutory authority to review and modify support orders in the best interests of the children.

Defendant also cites to *Raymond S. Tenorio v. Evangeline P. Marcus,* DM112-96 & CS522-97 in support of this proposition that their agreed to child support order is void against public policy. In this case, Judge Bordallo held invalid an agreement in which a parent agreed to waive any and all future review of child support as it stripped the Court of its statutory authority to ensure the support of the children. Again, Defendant's reliance on

this case is misplaced. In the present case, the Interlocutory and Final Decree for Dissolution of Marriage were signed by Judge Arthur Barcinas and filed herein on May 22, 2014. In its Final Decree, the Court granted Plaintiff a divorce, and stated "The Interlocutory Decree and Marital Settlement Agreement are incorporated herein by reference." The Decree states the following:

> Husband and Wife agree to have joint legal custody and joint/shared physical custody of the minor children sharing custody on a week to week basis . . . **No child support will be requested at this time.** (emphasis added.)

Again, the provision "no child support will be requested at this time" simply does not imply that the Court is to be stripped of its authority to review child support orders.

Defendant points to the Legislature's adoption of Chapter 34, Title 5 Guam Code Annotated as evidence of Guam's public policy in support of the establishment, collection, and enforcement of child support orders. While 19 G.C.A. §8405 provides that "[w]hen a dissolution of marriage is granted, the tribunal shall provide for the … support … and maintenance of the children of the marriage.", Defendant argues violates this provision in that the divorce agreement failed to require child support to be paid by either party. The court disagrees. While the Agreement did not create an obligation for either parent to pay child support to the other, this does not mean that their divorce agreement neglected to ensure the support and maintenance of the children. The parties simply agreed that they each had sufficient resources to support the children when under their own care. Regardless of the fact that monthly payments were not required by either party to the other, their Agreement provides for the support and maintenance of the children and is therefore not void as against public policy.

### III.    Modification based on change of circumstances.

Guam law provides that, "[t]he provisions of any order respecting maintenance or support may be modified . . . only upon a showing of a substantial and material change of circumstances." 5 GCA §34121. The party moving to modify child support has the burden of showing a substantial and material change in circumstances. *Lanser v. Lanser*, 2003 Guam 14 ¶19 n. 3.

In his Motion to Modify Child Support, Defendant alleged the following as proof of a substantial change in circumstances: 1) Since the divorce in 2014, one of the four children has turned 18; and 2) Plaintiff receives substantially more income than at the time of the divorce. [1]

**a. Two children have now reached the age of majority.**

The two oldest children produced by the marriage have now reached the age of eighteen and their obligation to support their adult children terminates. See 5 GCA§34105.2 The Court is not persuaded that a decrease in the number of minor children in and of itself, should be automatically deemed a "substantial and material change of circumstance" warranting a modification of child support. In the present case, because each party no longer has any legal obligation to support their two adult children, this frees up resources to support the remaining two minor children still in their care. Each party is now in a better position to support the remaining minor children in their care than in 2014. Because the "change in circumstance" that two children have reached the age of majority, actually benefits each party and their minor children, the payment of additional child support from one party to the other is not warranted.[2]

**b. Plaintiff's alleged change in annual earnings.**

Defendant argues that Plaintiff is currently making substantially more income than she did at the time of divorce, and that this increase in income constitutes a substantial and material change of circumstances warranting a modification of the child support provisions they had earlier agreed to. According to Defendant, Plaintiff is making an additional $1,485.00 in gross rental income per month since the divorce and based on the Guam Child Support Guidelines, Plaintiff should be required to pay Defendant between $1,201.01 to

---

[1] Plaintiff contests this, arguing that her income has not increased since 2011.
[2] Additionally, it certainly appears that the "ageing out" of the children was contemplated by the parties as the time that the parties executed the existing support agreement.

$1,626.00 per month in child support for periods between June 2014 and December 2017. See Child Support Worksheets submitted by Defendant on December 14, 2017.

Defendant admitted that he continues to earn the same amount of income. However he now has two less children he is legally obligated to support and has custody of the remaining minor children only 50% of the time. Defendant nevertheless believes it appropriate to obtain from Plaintiff, additional child support in an amount which is effectively more than the amount he claims she is receiving in additional income after their divorce. The court disagrees and finds Defendant's position to be non-sensical and inequitable. Presumably, any additional income earned by Plaintiff can be used by Plaintiff to support the children while in her care. Giving all of this additional income to Defendant by way of "child support" may not necessarily further benefit the children and may in fact be detrimental to the best interests of the children. Accordingly, the court finds that there is no material and substantial change in circumstances warranting a modification of the parties' prior agreement regarding child support.

## IV.     Modification based on petition without demonstrating change of circumstances.

The Legislature established Chapter 34, Title 5 Guam Code Annotated to emphasize Guam's public policy in favor of establishment, collection, and enforcement of child support orders.

> 5 GCA §34118. Payment Schedule.
> The Attorney General shall adopt, pursuant to the Administrative Adjudication Law, a schedule of normal child support payments to be paid by a non-custodial parent to a custodial parent pursuant to Subsections (c)(1) and (c)(2) of this Section, to be updated every four (4) years.

Defendant contends that his present Motion is proper pursuant to 5 GCA §34118(f), which provides, in relevant part:

> Either parent of a child for whom child support has been previously ordered may petition the Superior Court of Guam, Judicial Hearings Division or the Child Support Enforcement Division not more than once every three (3) years for review and adjustment of the child support order without having to show a change of circumstances.

Plaintiff however argues that a mutual agreement as to child support was reached in May 2014, and that because Defendant sought a review and adjustment of the child support order only two years after the prior child support order, Defendant's filing of the Motion to Modify is untimely under this provision. The Court agrees. Based on the date of the prior child support order, review in this case, absent a substantial and material change in circumstances can only be made on or after May 22, 2017.

Furthermore, even if this Court is to review and adjust child support provisions on or after May 22, 2017, the court may deviate from the Guam Child Support Guidelines where its application would be inequitable. See 19 GAR Article 2 (c)(1). In this case, in considering the facts presented to the court, the court does find that adjusting or modifying the parties' current child support orders to conform to the Guam Child Support Guidelines at this time will lead to an inequitable result.

## CONCLUSION

The Court holds that there is no basis to modify the parties' current child support orders. Defendant's Motion to Modify Child Support is DENIED and DISMISSED.

**SO ORDERED this** ___21___ **day of March, 2018.**

**HONORABLE BENJAMIN C. SISON, JR.**
**Magistrate Judge, Superior Court of Guam**



DM0308-14, *Lujan v. Shimizu*                                                              Page **10** of **10**
Decision and Order Re: Def's Mot. for Modification of Child Support